IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH WILSON,
No. 13625-026,

        Petitioner,

vs.                                        CIVIL NO. 13-CV-00668-DRH

JAMES N. CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Joseph Wilson is currently incarcerated in Greenville Correctional Center. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is actually innocent, in that his sentenced was improperly increased under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).

    Petitioner was convicted in 2008 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Wilson*, No. 07-cr-03053-RED (W.D.Mo. Dec. 3, 2008). Wilson received an enhanced sentence under Section 924(e), based on three prior burglary convictions; thus, he received the mandatory minimum 15-year (180-month) sentence. According to the petition, in 1998 Wilson's civil rights were restored on at least one of the three burglary convictions, thereby destroying the necessary predicate for a Section 924(e) enhancement. *See* 18 U.S.C. § 9219a)(20). Petitioner contends that he is

only raising this issue now because the case law was previously unavailable.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Although petitioner Wilson does not specify the change in the law that only now enables him to raise this issue, the Court notes that *Begay v. United States*, 533 U.S. 137, 142 (2008), and *Brown v. Caraway*, __F.3d__, 2013 WL 1920931 (7th Cir. May 10, 2013), touch upon this issue. In any event, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Cross will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service upon respondent.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 29th day of July, 2013.**

Digitally signed by David R. Herndon
Date: 2013.07.29 13:28:33 -05'00'

**Chief Judge**
**United States District Court**