IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH WILSON,

        Petitioner,

vs.     Civil No. 13-cv-668-DRH-CJP

JAMES N. CROSS,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Joseph Wilson's petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is now before the Court.

In 2008, petitioner pled guilty to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) in the Western District of Missouri. He was sentenced as an Armed Career Criminal under 18 U.S.C. §924(e) to 180 months imprisonment. See, *United States v. Wilson*, 324 Fed. Appx. 546 (2009). He now argues that he is entitled to habeas relief because his civil rights were restored on one of his predicate offenses.

Respondent argues that petitioner is precluded from bringing a §2241 petition because he could have raised this claim in a motion under 28 U.S.C. §2255.

## Relevant Facts and Procedural History

Petitioner filed a direct appeal in which he did not raise the claim he raises here. The mandate affirming his conviction and sentence was issued on May 22,

2009. *United States v. Wilson*, Case No. 07-cr-3053-MDH, Doc. 60 (W.D. Mo.).

Petitioner did not file a timely §2255 motion. On October 12, 2010, he filed a pro se motion for extension of time to file a §2255 motion. Case No. 07-cr-3053-MDH, Doc. 61. That motion was denied on November 4, 2010. Petitioner's next move was to file a §2255 motion in the Western District of Missouri on May 5, 2014. That motion was denied as untimely on August 15, 2014. *Wilson v. United States*, Case No. 14-cv-3214-MDH, Doc. 12 (W.D. Mo.).

### Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on

a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

## Analysis

Petitioner argues that he relies on case law that was not available to him at the time of his direct appeal or during the one-year period when he could have filed a timely §2255 motion. He does not specify which case he relies upon, but it is evident that his argument about the restoration of his civil rights derives from *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009).

*Buchmeier* does not help petitioner. First, *Buchmeier* did not announce a new rule. Rather, it reaffirmed long-standing Seventh Circuit precedent. Even if it had announced a new rule, *Buchmeier* would not enable Wilson to bring a §2241 petition in this District. In *Buchmeier*, the Seventh Circuit noted that there is a circuit split on the application of the "anti-mousetrapping" provision of 18 U.S.C. § 921(a)(20), and the Eighth Circuit is on the opposite side of the split from the Seventh Circuit. *Buchmeier,* 581 F.3d at 565. Accordingly, *Buchmeier* does not bring petitioner within the narrow *Davenport* exception. "When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit." *In re Davenport*, 147 F.3d 605, 612 (7th Cir. 1998).

Further, *Buchmeier* was available to petitioner during the one-year period when he could have filed a timely §2255 motion. *Buchmeier* was decided on September 10, 2009. The one-year period for filing a §2255 motion expired on August 22, 2010. See, *Wilson v. United States*, Case No. 14-cv-3214-MDH, Doc. 12 (order dismissing §2255 motion as untimely).

The fact that petitioner failed to file a timely §2255 motion does not make the remedy offered by §2255 inadequate or ineffective. Where the claim being advanced in a §2241 petition could have been advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective. *Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002); *Davenport*, 147 F.3d at 609. "A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate...." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(emphasis in original).

In his reply, Wilson argues that he is relying on *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). *McQuiggin* holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here. First, *McQuiggin* discussed only a claim of actual innocence of the conviction, and held that the petitioner must still meet the "demanding" standard of *Schlup v. Delo*, 115 S.Ct. 851 (1995), which petitioner here cannot do. *McQuiggin*, 133 S. Ct. at 1936. Further, the impediment to Wilson's §2241 petition is not that it was not timely-filed; it is that he does not meet the

substantive *Davenport* criteria for bringing a §2241 petition.

## Conclusion

Joseph Wilson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATE: September 26, 2014

Digitally signed by David R. Herndon
Date: 2014.09.26 08:12:48 -05'00'

**Chief Judge**
**United States District Court**